**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rudi Alfred Apelt, | No. CV-97-01249-PHX-ROS |
| Petitioner, | |
| vs. | **ORDER TO SHOW CAUSE** |
| Charles L. Ryan, et al.,[1] | |
| Respondents. | |

For the reasons that follow, the Court orders Petitioner to show cause why the stay of his sentencing claims should not be lifted, the claims dismissed, and judgment entered.

In 1997, Petitioner initiated this habeas proceeding under 28 U.S.C. § 2254. The next year he filed an amended habeas petition raising twenty-three claims challenging his state court conviction and capital sentence. (Doc. 39.) In 2000, the Court determined the procedural status of Petitioner's claims, concluding that some were procedurally barred and some entitled to merits review. (Doc. 71.) In 2002, following the Supreme Court's decision in *Atkins v. Virginia*, 536 U.S. 304 (2002), this Court stayed Petitioner's sentencing-related claims pending successive state post-conviction proceedings based on Petitioner's alleged mental retardation and ineligibility for the death penalty. (Docs. 147, 149, 151.) While state proceedings were ongoing, the Court ruled on Petitioner's conviction-related claims, concluding that he was not entitled to habeas relief. (Doc. 190.)

---

[1] Charles L. Ryan is the Director of the Arizona Department of Corrections. He is being substituted as the Respondent pursuant to Fed. R. Civ. P. 25(d)(1).

Subsequently, the state court determined that Petitioner was mentally retarded, vacated his death sentence, and resentenced him to life imprisonment, thus rendering moot Petitioner's pending sentencing-related habeas claims. Petitioner appealed his resentencing, but it was affirmed. *State v. Apelt*, No. 2 CA-CR-2009-0256, 2010 WL 3528887 at *1 (Ariz. App. Div. 2, Sept. 10, 2010). According to Petitioner's April 2011 status report, the state appellate court issued its mandate on January 10, 2011. (Doc. 213.) Under Rule 32.4(a) of the Arizona Rules of Criminal Procedure, Petitioner had thirty days from the issuance of the mandate to file a notice for post-conviction relief. It thus appears, based on the lack of reference to any impending state post-conviction proceedings in the April status report, that state court proceedings are concluded.

Even if state proceedings relating to Petitioner's resentencing were still ongoing, the Court can discern no basis for maintaining the stay in this case or further postponing issuance of judgment. As already noted, the Court has ruled on all of Petitioner's conviction-related claims and his original sentencing claims became moot when the state court vacated his capital sentence. Moreover, pursuant to the Supreme Court's decision in *Magwood v. Patterson*, 130 S. Ct. 2788 (2010), Petitioner is not precluded from challenging his resentencing in a new habeas petition.

Accordingly,

**IT IS ORDERED** that no later than fifteen (15) days after the filing date of this Order, Petitioner shall show cause in writing why the stay of his sentencing claims should not be lifted, the claims dismissed as moot, and judgment entered. Unless otherwise directed by the Court, Respondents shall not file a response.

**IT IS FURTHER ORDERED** that the Clerk of Court shall update the title of this case to reflect the substitution of Charles L. Ryan as the Director of the Arizona Department of Corrections.

DATED this 20th day of May, 2011.

Roslyn O. Silver
Chief United States District Judge

- 2 -