**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Rudi Alfred Apelt, | ) | No. CV-97-1249-PHX-ROS |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Charles L. Ryan, et al., | ) | **ORDER** |
| | ) | |
| Respondents. | ) | |
| | ) | |

In 1997, Petitioner initiated this habeas proceeding under 28 U.S.C. § 2254.  The next year he filed an amended habeas petition raising twenty-three claims challenging his state court conviction and capital sentence.  (Doc. 39.)  In 2000, the Court determined the procedural status of Petitioner's claims, concluding that some were procedurally barred and some entitled to merits review.  (Doc. 71.)  In 2002, following the Supreme Court's decision in *Atkins v. Virginia*, 536 U.S. 304 (2002), this Court stayed Petitioner's sentencing-related claims pending successive state post-conviction proceedings based on Petitioner's alleged mental retardation and ineligibility for the death penalty.  (Docs. 147, 149, 151.)  While state proceedings were ongoing, the Court ruled on Petitioner's conviction-related claims, concluding that he was not entitled to habeas relief.  (Doc. 190.)

Subsequently, the state court determined that Petitioner was mentally retarded, vacated his death sentence, and resentenced him to life imprisonment, thus rendering moot Petitioner's pending sentencing-related habeas claims. Petitioner appealed his resentencing,

1   but it was affirmed.  *State v. Apelt*, No. 2 CA-CR-2009-0256, 2010 WL 3528887 at *1 (Ariz.

2   App. Div. 2, Sept. 10, 2010).

3        On May 23, 2011, this Court ordered Petitioner to show cause why the stay of his

4   sentencing claims should not be lifted, the claims dismissed as moot, and judgment entered.

5   (Doc. 214.)  In response, Petitioner conceded that there was no reason why the Court should

6   not lift the stay, dismiss the sentencing claims as moot, and enter judgment.  (Doc. 216.)

7   However, Petitioner did request additional time to submit a motion for a certificate of

8   appealability, which he has now submitted.  (Doc. 217.)

9        Rule 22(b) of the Federal Rules of Appellate Procedure provides that an applicant

10  cannot take an appeal unless a certificate of appealability has been issued by an appropriate

11  judicial officer.  Rule 11(a) of the Rules Governing Section 2254 Cases provides that the

12  district judge must either issue or deny a certificate of appealability when it enters a final

13  order adverse to the applicant.  If a certificate is issued, the court must state the specific issue

14  or issues that satisfy 28 U.S.C. § 2253(c)(2).  Pursuant to 28 U.S.C. § 2253(c)(2), a COA

15  may issue only when the petitioner "has made a substantial showing of the denial of a

16  constitutional right."  This showing can be established by demonstrating that "reasonable

17  jurists could debate whether (or, for that matter, agree that) the petition should have been

18  resolved in a different manner" or that the issues were "adequate to deserve encouragement

19  to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*,

20  463 U.S. 880, 893 & n.4 (1983)).

21       The Court has considered Petitioner's motion for certificate of appealability and

22  determines that reasonable jurists could debate its resolution of Claim 4.  For the reasons set

23  forth in the Court's orders of April 11, 2000, and August 8, 2007 (Docs. 71 & 190), the Court

24  declines to issue a COA on any other issues.

25       Accordingly,

26       **IT IS HEREBY ORDERED** lifting the stay of Petitioner's sentencing claims (Doc.

27  147), dismissing Petitioner's sentencing-related claims as moot, and denying with prejudice

28

1   Petitioner's amended petition for habeas corpus relief (Doc. 39).  The Clerk of Court shall

2   enter judgment accordingly.

3      **IT IS FURTHER ORDERED** granting Petitioner's Motion for Certificate of

4   Appealability (Doc. 217) on the following issue:

5      Whether Claim 4, alleging that Petitioner's right to effective assistance of counsel
       under the Sixth and Fourteenth Amendments was violated by trial counsel failing
6      to investigate the opinions his expert witness, Dr. Vincent DeMaio, before calling
       him to testify, fails on the merits.
7

8      DATED this 13th day of September, 2011.

9

10

11      _____
                    Roslyn O. Silver
12                 Chief United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28