**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rudi Alfred Apelt, | ) No. CV-97-01249-PHX-ROS |
| Petitioner, | ) |
| vs. | ) **ORDER** |
| Charles L. Ryan, et al., | ) |
| Respondents. | ) |

Before the Court is Petitioner's Motion to Construe Petitioner's Request for a Certificate of Appealability as a Notice of Appeal. (Doc. 220.) Respondents oppose the motion. (Doc. 225.) For the reasons set forth herein, the motion is granted.

**BACKGROUND**

In 1997, Petitioner initiated this habeas proceeding under 28 U.S.C. § 2254. In 2000, the Court determined the procedural status of Petitioner's claims, concluding that some were procedurally barred and some entitled to merits review. (Doc. 71.) In 2002, following the Supreme Court's decision in *Atkins v. Virginia*, 536 U.S. 304 (2002), this Court stayed Petitioner's sentencing-related claims pending successive state post-conviction proceedings based on Petitioner's alleged mental retardation and ineligibility for the death penalty. (Docs. 147, 149, 151.) While state proceedings were ongoing, the Court ruled on Petitioner's conviction-related claims, concluding that he was not entitled to habeas relief. (Doc. 190.)

Subsequently, the state court determined that Petitioner was mentally retarded, vacated

1   his death sentence, and resentenced him to life imprisonment, thus rendering moot

2   Petitioner's pending sentencing-related habeas claims.  Petitioner appealed his resentencing,

3   but it was affirmed.  *State v. Apelt*, No. 2 CA-CR-2009-0256, 2010 WL 3528887 at *1 (Ariz.

4   App. Div. 2, Sept. 10, 2010) (unpublished memorandum decision).

5         On May 23, 2011, this Court ordered Petitioner to show cause why the stay of his

6   sentencing claims should not be lifted, the claims dismissed as moot, and judgment entered.

7   (Doc. 214.)  In response, Petitioner conceded there was no reason why the Court should not

8   lift the stay, dismiss the sentencing claims as moot, and enter judgment.  (Doc. 216.)

9   However, Petitioner requested additional time to submit a motion for a certificate of

10  appealability (COA), which subsequently was filed on June 29, 2011.  (Doc. 217.)

11        On September 13, 2011, the Court dismissed Petitioner's sentencing claims as moot

12  and denied Petitioner's amended habeas petition.  (Doc. 218.)  The Court also issued a COA on

13  one claim.  The Clerk of Court entered judgment the same day.  Despite the COA issuance,

14  Petitioner inexplicably failed to file a notice of appeal (NOA) pursuant to Rule 4 of the

15  Federal Rules of Appellate Procedure (FRAP).  In December 2011, Petitioner filed the instant

16  motion asking the Court to construe his COA request as a premature NOA.  (Doc. 220.)

17  Respondents filed a response, and Petitioner filed a reply.  (Docs. 225, 226.)

18                                        **DISCUSSION**

19        FRAP 4(a) provides in relevant part that a NOA must be filed within 30 days after the

20  entry of judgment or an order disposing of a motion to alter or amend judgment under Rule

21  59.  Fed. R. App. P. 4(a)(1)(A).  It provides only two avenues for relief from that time limit.

22  First, a district court may extend the time to file a NOA if (i) a party so moves no later than

23  30 days after the time prescribed by Rule 4(a) expires, *and* (ii) the party demonstrates

24  "excusable neglect or good cause."  Fed. R. App. P. 4(a)(5)(A).  Second, a district court may

25  reopen the time to file a NOA in limited circumstances when a party did not receive notice

26  of the entry of judgment.  Fed. R. App. P. 4(a)(6).

27        In this case, it is undisputed that Petitioner received notice of the entry of judgment and

28

                                            - 2 -

1   that he did not file a motion to extend the time for filing a NOA either before expiration of

2   the 30-day period prescribed by Rule 4(a)(1) or the additional 30 days provided by Rule

3   4(a)(5)(A).  To overcome his neglect in failing to file a NOA, Petitioner asks the Court to

4   construe his motion for COA as a premature NOA under FRAP 4(a)(2).  Respondents

5   counter that Petitioner's COA request is not the functional equivalent of a NOA because it

6   failed to provide the notice required by FRAP 3(c).  (Doc. 225 at 8.)

7        Rule 3(c) provides that a notice of appeal must specify the appealing party, designate

8   the judgment or order being appealed, and name the court to which the appeal is taken.  Rule

9   4(a)(2) provides that a notice of appeal filed after the court announces a decision or order,

10  but before entry of judgment, is treated as filed on the date judgment is entered.  If the Court

11  construes Petitioner's COA request as a premature NOA, Rule 4(a)(2) requires that the

12  construed NOA be treated as timely filed.  The question for this Court, then, is whether

13  Petitioner's COA request is the functional equivalent of a NOA.  Ninth Circuit precedent

14  dictates that it is.

15       In *Tinsley v. Borg*, 895 F.2d 520, 523 (9th Cir. 1990), the Ninth Circuit adopted the

16  position of several other circuits that a certificate of probable cause (CPC) can serve "double

17  duty" as a notice of appeal.  In particular, the court cited *McMillan v. Barksdale*, 823 F.2d

18  981, 983 (6th Cir. 1987), in which the Sixth Circuit reasoned that construing a CPC as a

19  NOA is consistent with the purpose of the rules governing NOAs because FRAP 3(c) directs

20  that an appeal should not be dismissed for mere "informality of form or title" and because

21  the rule's advisory committee expressly approves "a liberal view of papers filed by indigent

22  and incarcerated defendants."  Subsequently, in *Ortberg v. Moody*, 961 F.2d 135, 137 (9th

23  Cir. 1992), the Ninth Circuit clarified that the "double duty" rule announced in *Tinsley*

24  applies equally to petitioners proceeding through counsel, as is the case here.

25       Respondents do not address this authority nor argue that COAs should be treated

26  differently from CPCs.  *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (observing that

27  except for minor word substitution, Congress codified CPC standard into COA requirement).

28

- 3 -

Accordingly, the Court will construe Petitioner's COA request as a NOA.  Because Petitioner filed his COA request after this Court announced its intention to dismiss his habeas petition but before formal entry of judgment, the Court finds that Petitioner's construed NOA is timely pursuant to FRAP 4(a)(2).  *See FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.*, 498 U.S. 269, 276 (1991) (determining that Rule 4(a)(2) permits a NOA from a nonfinal decision to operate as a NOA from final judgment "when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment").

Based on the foregoing,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Construe Petitioner's Request for a Certificate of Appealability (Doc. 220) is **GRANTED**.  The Clerk of Court shall treat Petitioner's Certificate of Appealability, filed June 29, 2011, as a Notice of Appeal and shall process said Notice of Appeal forthwith.

DATED this 20th day of April, 2012.

Roslyn O. Silver
Chief United States District Judge

- 4 -